**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| RL REGI Financial, LLC, ) | |
| ) | C.A. No. 7:09-cv-02236-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| DDB of Spartanburg, LLC, Jimmy L. ) | |
| Davis, L.E. Deavours, a/k/a Loomis Esteze ) | |
| Deavours, Jr., Deavours Investments, L.P., ) | |
| Cantrell's Auto Repairs, Inc., and MCC ) | |
| Outdoor, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff RL REGI Financial, LLC's ("RL REGI") Motion for Partial Summary Judgment [Doc. 86] and Supplemental Motion for Partial Summary Judgment [Doc. 98].[1] Based upon the record before the court, RL REGI's motion is granted in part and denied in part. Because the court addresses these matters based on the memoranda filed by the parties, the court denies RL REGI's Motion for a Hearing [Doc. 102].

**FACTUAL BACKGROUND**

This case arises from RL REGI's efforts to collect amounts due under a commercial mortgage loan (the "Loan") that was made to Defendant DDB of Spartanburg, LLC ("DDB") by Regions Bank on March 23, 2006, for the purpose of financing the construction and development of a residential subdivision in Spartanburg County, South Carolina, known as Orchards at Reidville.

---

[1]The court notes that Plaintiff's Supplemental Motion for Partial Summary Judgment is more in the nature of an additional reply to Defendant's response to Plaintiff's initial motion. Ostensibly, Plaintiff filed its supplemental motion because the time for making any additional reply elapsed and Plaintiff did not request leave to file or an extension of time to file such supplemental reply.

1

As evidence of its indebtedness for the Loan, DDB executed to Regions Bank a promissory note dated March 23, 2006, for the principal amount of $3,270,000.00 (the "Note"). The Note matured and became due and payable by its terms on March 23, 2008, but the maturity date was extended to June 30, 2009, by a Modification Agreement dated June 26, 2008.

As a part of Regions Bank's Loan to DDB, RL REGI contends that Defendants Jimmy L. Davis ("Davis") and L.E. Deavours ("Deavours"), the co-owners of DDB, executed personal guarantees of DDB's indebtedness to Regions Bank under the Loan. DDB also executed two mortgages in favor of Regions Bank as additional security for the Loan. The Note matured and became due and payable in full on June 30, 2009.

Regions Bank commenced the within collection action by filing a Summons and Complaint on August 21, 2009. Deavours Investments, L.P. was joined as a defendant because it holds a second mortgage on one of the tracts of land securing the Loan. Cantrell's Auto Repairs, Inc., a/k/a Cantrell's Auto Repair, Inc. ("Cantrell's"), was joined as a defendant because it executed a mortgage securing the Loan. MCC Outdoor, LLC ("MCC") was joined as a defendant because it is the lessee under a lease for an outdoor advertising sign on the land owned by Cantrell's that was executed and recorded after the mortgage securing the Loan. Defendants DDB of Spartanburg, LLC, L.E. Deavours, and Deavours Investments, L.P. filed separate answers to the Amended Complaint [Docs. 13, 14, and 15] and did not assert any counterclaims or cross-claims. Defendants Jimmy L. Davis and Cantrell's Auto Repairs, Inc. filed a joint answer to the Amended Complaint [Doc. 17] and asserted two counterclaims against Regions Bank, one for fraud in the inducement and one for negligent misrepresentation. Defendants Davis and Cantrell's also asserted a cross-claim against L.E.

Deavours for equitable subrogation or indemnification. Defendant MCC Outdoor, LLC filed an answer to the Amended Complaint [Doc.10] and asserted a counterclaim for declaratory judgment.

RL REGI purchased the Loan from Regions Bank as of September 30, 2010, and was substituted as Plaintiff in place of Regions Bank by a text order entered on February 16, 2011. [Doc. 84]. RL REGI Financial, LLC moved for summary judgment pursuant to Rule 56, Fed. R. Civ. P., on its claims against Defendants DDB of Spartanburg, LLC, Jimmy L. Davis, L.E. Deavours a/k/a Loomis Esteze Deavours, Jr., and Deavours Investments, L.P. and on the counterclaims of Defendants Jimmy L. Davis and Cantrell's Auto Repair, Inc.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in

support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp*., 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

### A.  Plaintiff's claims against Defendants DDB of Spartanburg, LLC, L.E. Deavours a/k/a Loomis Esteze Deavours, Jr., and Deavours Investments

RL REGI argues that it is entitled to summary judgment on its claims against DDB, Deavours, and Deavours Investments, L.P. (the "Deavour Defendants") to enforce the personal guarantee of Deavours on the Note and to foreclose on the properties securing the Note. The Deavour Defendants do not dispute RL REGI's assertion that the Note is in default. However, The Deavour Defendants assert that RL REGI is not entitled to summary judgment because there is a genuine dispute regarding the amounts owed on the Note.[2]

The Deavour Defendants primarily argue that RL REGI has failed to prove the amount due on the Note because the Note contains an ambiguity in that it defines "Base Rate," but does not

---

[2] In response to RL REGI's initial Motion for Partial Summary Judgment [Doc. 86], the Deavour Defendants disputed whether RL REGI had a valid interest in the Note. In RL REGI's Supplemental Motion for Partial Summary Judgment, RL REGI provided additional affidavits regarding the assignment of the Note. Particularly, RL REGI provided the Affidavit of William Carroll, senior vice president of Regions Bank. *See* [Doc. 98-2]. In his affidavit, Mr. Carroll attests that Regions Bank sold its interests in the Note and related documents to RL REGI and provides copies of the assignment documents. The Deavour Defendants have not provided any evidence to dispute Mr. Carroll's affidavit or the assignment of the Note. Therefore, the court determines that the Note and related documents were validly assigned to RL REGI.

4

define "Base."  The Note provides that "interest shall accrue on each amount advanced hereunder . . . at the rate of Base plus 0.25% from the date of each such advance."  [Doc. 8-2, p. 1].  The Note further indicates that "The initial interest rate shall be 7.75%, which is based upon a current Base Rate of 7.5%."  *Id*.  In defining "Base Rate," the Note indicates that the term shall mean "the Regions Bank Base Rate as published by Regions Bank in Birmingham, Alabama from time to time and as adjusted from time to time."  *Id*.

"Whether a contract is ambiguous is to be determined from the entire contract and not from isolated portions of the contract." *Farr v. Duke Power Co.*, 265 S.C. 356, 362, 218 S.E.2d 431, 433 (1975).  In reading the contract as a whole, it is ambiguous only if it is susceptible to more than one interpretation or its meaning is unclear. *See Smith–Cooper*, 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct. App. 2001).  The interpretation of an unambiguous contract is a question of law. *S.C. Dep't of Natural Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 303 (2001).

Here, the Deavour Defendants are correct in their contention that the Note does not expressly define "Base."  However, when the whole contract is reviewed, it is apparent that the Note uses the terms "Base" and "Base Rate" interchangeably and "Base Rate" is clearly defined such that there is no ambiguity as to the rate of interest charged on the Note.

In support of its damages claim, RL REGI has submitted the declarations of Scott R. McLay which sets forth the actual rates of interest assessed to the Note and a detailed ledger indicating the application of the interest rates to the Note.  See [Docs. 86-4 and 98-3].  However, as pointed out by the Deavours Defendants, Mr. McLay's records concerning the interest assessed to the Note does not appear to be consistent with the applicable interest rates as expressed in the Note or the rates which Mr. McLay asserts were actually assessed to the Note.  For example, in Mr. McLay's first

declaration stating the "Calculation of Interest Accrued" he asserted that the Base Rate for the time period starting December 16, 2008, was 3.50%, but indicated the actual rate of interest on the Note for that period was 4.00%. See [Doc. 86-4]. This statement is contradictory to the stated rate of interest in the Note of Base plus .25%. Additionally, the calculations of interest provided by Mr. McLay show the assessment of interest on the Note at the Base Rate rather than the actual interest rate applicable to the Note. *Id*. In an effort to address these deficiencies, Mr. McLay submitted a supplemental declaration setting forth a different format - this time using daily interest amounts - for calculating the interest accrued on the Note, but did not attach an updated "Calculation of Interest Accrued." It appears that the daily interest method applied in Mr. McLay's supplemental declaration differs still in the calculations previously submitted. Because RL REGI has submitted contradictory evidence regarding the relevant values of the Base Rate and actual interest rate applicable to the Note and the calculations of interest accrued on the Note, it has failed to meet its burden of demonstrating the amounts due under the Note. Therefore, RL REGI is not entitled to summary judgment against the Deavours Defendants.

### B.     Plaintiff's claims against Defendant Jimmy L. Davis

RL REGI also seeks summary judgment in its favor on its claims against Davis to enforce his personal guaranty. Davis does not dispute the enforceability of his guaranty. However, for the reasons stated above regarding the amount due on the Note, the court cannot grant RL REGI's request for summary judgment against Davis.[3]

---

[3] Davis devotes substantial attention in his response in opposition to RL REGI's Motion for Partial Summary Judgement to his arguments concerning the enforceability of a mortgage purportedly executed against property owned by Cantrell's in favor of Regions Bank as security for the Loan. However, RL REGI has not moved for summary judgment on its claim for foreclosure of the mortgage on this property. Therefore, summary judgment is not appropriate on this issue and the court need not address the issue in this order.

### C.     Counterclaims of Defendants Jimmy L. Davis and Cantrell's Auto Repair, Inc.

Davis and Cantrell's Auto Repair, Inc. asserted counterclaims against Regions Bank, and now RL REGI due to the substitution of plaintiff, for fraud in the inducement and negligent misrepresentation. Davis asserts that certain representations were made personally to him by Regions Bank that induced him to enter into the business relationship with Defendant Deavours and the loan with Regions Bank. RL REGI contends that it is entitled to summary judgment on Davis's counterclaims.

To recover on a claim for fraud in the inducement to enter a contract, a party must demonstrate the following by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *See Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011).

A claim for negligent misrepresentation requires a plaintiff to show, by a preponderance of the evidence, that: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation. *Id*. at 123, 708 S.E.2d at 769.

Davis contends that Regions Bank misrepresented the "financial strength" of Deavours when inducing Davis to enter into a business relationship with Deavours to undertake the development

7

project and Loan at issue in this case. Specifically, Davis alleges that the representations made by agents of Regions Bank "were that L.E. Deavours, individually, was financially sound and capable of carrying the debt that the Plaintiff claims is owed in this matter." [Doc. 17, at 7 and 9]. Davis argues that Regions Bank had a long-term relationship with Deavours which consisted of multi-million dollar extensions of credit and that Regions Bank was privy to personal financial statements and information regarding Deavours that was not disclosed to Davis. Davis asserts that Regions Bank was aware that Deavours's experienced a decrease in home closings in the years immediately prior to the Loan transaction and that Regions Bank falsely represented Deavours's financial strength by failing to disclose this decrease in closing volume. However, while Deavours conceded that home closings were among the figures used to measure the success of his business, Deavours also indicated that he did not believe his business was experiencing "financial reverses." Deavours Deposition, at 53:13-16 [Doc. 90-2]. Additionally, Davis admits that his due diligence on Deavours was not particularly in-depth and that he requested financial documentation from Deavours, but never received it.

      Viewing the facts in the light most favorable to Davis, the court does not find any evidence that any representative of Regions Bank made the alleged representation to Davis at the time of the Loan or that the representation was false. Davis testified in his deposition that Rand Peterson, an officer of Regions Bank, told him that Deavours had "an impeccable reputation" with Regions Bank, that Deavours had "impeccable credit," and that Deavours had a "good relationship" with Regions Bank. [Doc. 86-2, at 9, 11, and 73-74]. The evidence in the record indicates that Regions Bank engaged in multimillion dollar loans, including the Loan at issue, with Mr. Deavours based on the financial records Deavours provided to the bank. The record further demonstrates that Regions

8

Bank and Deavours did not regard the decrease in home closing volume as a significant reflection of Deavours's financial standing. There is no evidence that Regions Bank made a knowingly false representation to Davis regarding Regions Bank's assessment of Deavours's financial standing. Therefore, Davis has failed to provide any evidence to support two essential elements of his counterclaims and RL REGI is entitled to judgment on these claims.

## CONCLUSION

For the foregoing reasons, Plaintiff RL REGI Financial, LLC's Motion for Partial Summary Judgment [Doc. 86] and Supplemental Motion for Partial Summary Judgment [Doc. 98] are **GRANTED IN PART AND DENIED IN PART**. The court grants summary judgment in favor of RL REGI on Defendant Davis and Cantrell's counterclaims for fraud in the inducement and negligent misrepresentation. However, the court denies RL REGI's request for judgment in its favor on the guaranties and foreclosure of the DDB properties because RL REGI has not clearly established the amounts owed under the Note. The court further denies RL REGI's Motion for a Hearing [Doc. 102]. The parties shall submit to the court a joint proposed scheduling order for the remainder of the case within ten (10) days of this order.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

August 23, 2011
Greenville, South Carolina