UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| RL REGI Financial, LLC,    )<br>                            )<br>            Plaintiff,      )<br>                            )<br>        v.                  )<br>                            )<br>DDB of Spartanburg, LLC, Jimmy L. )<br>Davis, L.E. Deavours, a/k/a Loomis Esteze )<br>Deavours, Jr., Deavours Investments, L.P., )<br>Cantrell's Auto Repairs, Inc., and MCC )<br>Outdoor, LLC,               )<br>                            )<br>            Defendants.     )<br>_____ ) | C.A. No. 7:09-cv-02236-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court on Plaintiff RL REGI Financial, LLC's ("RL REGI") Third Motion for Partial Summary Judgment [Doc. 122] on its claims against Defendants DDB of Spartanburg, LLC, Jimmy L. Davis, L.E. Deavours a/k/a Loomis Esteze Deavours, Jr., and Deavours Investments, L.P. The sole issue addressed in the motion is the amount due on the loan that Plaintiff is seeking to collect. Based upon the record before the court, RL REGI's motion is granted.

**FACTUAL BACKGROUND**

This case arises from RL REGI's efforts to collect amounts due under a commercial mortgage loan (the "Loan") that was made to Defendant DDB of Spartanburg, LLC ("DDB") by Regions Bank on March 23, 2006, for the purpose of financing the construction and development of a residential subdivision in Spartanburg County, South Carolina, known as Orchards at Reidville. As evidence of its indebtedness for the Loan, DDB executed to Regions Bank a promissory note dated March 23, 2006, for the principal amount of $3,270,000.00 (the "Note"). The Note matured

1

and became due and payable by its terms on March 23, 2008, but the maturity date was extended to June 30, 2009, by a Modification Agreement dated June 26, 2008.

As a part of Regions Bank's Loan to DDB, RL REGI contends that Defendants Jimmy L. Davis ("Davis") and L.E. Deavours ("Deavours"), the co-owners of DDB, executed personal guarantees of DDB's indebtedness to Regions Bank under the Loan. DDB also executed two mortgages in favor of Regions Bank as additional security for the Loan. The Note matured and became due and payable in full on June 30, 2009.

Regions Bank commenced the within collection action by filing a Summons and Complaint on August 21, 2009. Deavours Investments, L.P. was joined as a defendant because it holds a second mortgage on one of the tracts of land securing the Loan. Cantrell's Auto Repairs, Inc., a/k/a Cantrell's Auto Repair, Inc. ("Cantrell's"), was joined as a defendant because it executed a mortgage securing the Loan. MCC Outdoor, LLC ("MCC") was joined as a defendant because it is the lessee under a lease for an outdoor advertising sign on the land owned by Cantrell's that was executed and recorded after the mortgage securing the Loan. Defendants DDB of Spartanburg, LLC, L.E. Deavours, and Deavours Investments, L.P. filed separate answers to the Amended Complaint [Docs. 13, 14, and 15] and did not assert any counterclaims or cross-claims. Defendants Jimmy L. Davis and Cantrell's Auto Repairs, Inc. filed a joint answer to the Amended Complaint [Doc. 17] and asserted two counterclaims against Regions Bank, one for fraud in the inducement and one for negligent misrepresentation. Defendants Davis and Cantrell's also asserted a cross-claim against L.E. Deavours for equitable subrogation or indemnification. Defendant MCC Outdoor, LLC filed an answer to the Amended Complaint [Doc.10] and asserted a counterclaim for declaratory judgment.

RL REGI purchased the Loan from Regions Bank as of September 30, 2010, and was substituted as Plaintiff in place of Regions Bank by a text order entered on February 16, 2011. [Doc.

84]. RL REGI Financial, LLC moved for summary judgment pursuant to Rule 56, Fed. R. Civ. P., on its claims against Defendants DDB of Spartanburg, LLC, Jimmy L. Davis, L.E. Deavours a/k/a Loomis Esteze Deavours, Jr., and Deavours Investments, L.P. and on the counterclaims of Defendants Jimmy L. Davis and Cantrell's Auto Repair, Inc.  The court granted partial summary judgment in favor of RL REGI on Defendant Davis and Cantrell's counterclaims for fraud in the inducement and negligent misrepresentation. However, the court denied RL REGI's request for judgment in its favor on the guaranties and foreclosure of the DDB properties because RL REGI had not clearly established the amounts owed under the Note. *See* [Doc. 103].  After entry of this court's order, RL REGI undertook to correct the deficiencies in the calculations of the amounts owed under the Note contained in prior declarations and/or affidavits filed in the record and filed this current motion.  RL REGI's motion was timely filed in accordance with the Consent Amended Scheduling Order entered by the court on September 20, 2011.  *See* [Doc. 120].

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. If the evidence will reasonably support only one conclusion, summary judgment is proper. *See Id.* at 250-51.

## DISCUSSION

RL REGI argues that it is entitled to summary judgment on its claims against DDB, Deavours, and Deavours Investments, L.P. (the "Deavour Defendants") to enforce the personal guarantee of Deavours on the Note and to foreclose on the properties securing the Note. This court previously declined to grant RL REGI judgment on the amount due on the Note securing the loan at issue because there were inconsistencies in prior declarations filed in support of Plaintiff's claims. *See* [Doc 103]. Plaintiff subsequently corrected the deficiencies and submitted a corrected Declaration of Scott R. McLay dated September 27, 2011. Although Defendants oppose Plaintiff's motion on the basis of Plaintiff's prior incorrect calculations contained in the prior declarations and/or affidavits in the record, Defendants do not dispute the validity of the calculations contained

in the latest declaration or offer any evidence concerning an alternative calculation. Accordingly, the evidence reasonably supports only one conclusion and summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff RL REGI Financial, LLC's Third Motion for Partial Summary Judgment [Doc. 122] is **GRANTED**. The court grants judgment in favor of Plaintiff against DDB of Spartanburg, LLC, L.E. Deavours a/k/a Loomis Esteze Deavours, Jr., and Jimmy L. Davis in the amount of Two Million Seven Hundred Ninety-Six Thousand Six Hundred Twenty-Six and 48/100 Dollars ($2,796,626.48) plus the additional interest accrued thereon at the rate of 3.50 % from September 30, 2011, to the date of entry of this judgment. The court further grants Plaintiff's request to foreclose the two mortgages executed by DDB of Spartanburg, LLC as security for the Note and the real property encumbered by such mortgages shall be sold at public auction. The proceeds of the foreclosure sale shall be applied to payment of the debt due on the Note and DDB of Spartanburg, LLC, L.E. Deavours a/k/a Loomis Esteze Deavours, Jr., and Jimmy L. Davis shall be liable for any deficiency remaining on the judgment.[1]

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 8, 2012
Greenville, South Carolina

---

[1] This order does not address the validity of the mortgage purportedly executed by Cantrell's Auto Repair, Inc. as security for the Note at issue in this case.